



| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JACQUELYN DAINOW**<br>Phone: (212) 356-0896<br>Fax: (212) 356-1148<br>Email: jadainow@law.nyc.gov |
|---|---|---|

March 14, 2024

**VIA ECF**
Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Tabatabai v. NYC DOE et al.*, 23-cv-5501 (DEH)

Dear Judge Ho:

      I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the Defendants in the above-referenced matter. I write to respectfully request an extension of the discovery deadlines and an adjournment of the currently scheduled telephone conference.

      Per Your Honor's December 14, 2023 text Order, depositions and fact discovery are due by April 10, 2024, expert depositions and expert discovery are due by May 25, 2025, a pre-trial order is due by June 24, 2024, and a telephone conference is set for June 11, 2024 at 11:30 AM. I write to respectfully request a two-month extension of both the fact and expert discovery deadlines, *i.e.*, to June 10, 2024 (fact discovery) and July 25, 2024 (expert discovery), as well as an adjournment of the currently scheduled telephone conference and deadline for a pre-trial order. The reason for the requested extensions and adjournment is that I will be out of the country from March 16, 2024 through April 10, 2024. This is Defendant's first request for an extension of these deadlines and adjournment of this conference.

      Plaintiff's counsel stated to Defendants that they would consent to this request if Defendants agreed to a date certain in early April to complete document production. Defendants did not agree, and therefore, Plaintiff does not consent. Plaintiff respectfully requests that if the Court grants the extension, it also so-orders a deadline of April 12, 2024 by which parties must complete document production.

      Per the immediately preceding paragraph (*i.e.*, Plaintiff's position), Plaintiff's counsel is requesting a deadline of one day after I return for the completion of document production, which is unreasonable. To date, the parties have served Rule 26a disclosures, exchanged discovery demands and responses, Defendants have produced policies that are not subject to a protective

MEMO ENDORSED

order, and the parties have met and conferred regarding each other's responses and objections to discovery demands. No other documents have been exchanged. Defendants cannot produce any further documents without a protective order in place, something that is still being finalized by the parties. Plaintiffs have not produced any documents or any authorizations to obtain documents due to the lack of a protective order, which, at the very least, Defendants will need well in advance of depositions in order to obtain records directly from providers. With respect to what discovery requests have been propounded, the parties have each requested various documents, *e.g.*, HIPAA-compliant authorizations, school records, personnel records, proof of out-of-pocket expenses, the "persuasive essay" alleged in the Complaint, etc.[1] The parties are close to finalizing a protective order and will produce responsive documents once it is fully executed and so Ordered by this Court.

The parties are also in talks regarding an ESI protocol, something that would need to be drafted, discussed internally with Law Department e-discovery attorneys, fully executed, and so Ordered upon the undersigned's return. Additionally, it will take time for the parties to agree upon narrowed search terms before a search can be conducted, as well as for the undersigned to review responsive records and determine if redactions need to be made and/or any records are privileged. No depositions have yet taken place. Plaintiff's counsel has noticed the depositions of Defendants and agreed to waive formal notice of their clients and the infant-Plaintiff's non-party father. However, the noticed dates are when I will be out of the country. Plaintiff's counsel has also notified the undersigned that they plan to file a pre-motion conference letter regarding unresolvable disputes to which Defendants need sufficient time to respond. In the event Plaintiffs' counsel files a letter in my absence, I respectfully request an extension of time until May 2, 2024 to respond.

Lastly, since Plaintiff's counsel opposes the requested extensions and adjournment, I cannot include three alternative conference dates that are mutually agreeable to the parties or a revised proposed scheduling Order, per Your Honor's Rules. However, Defendants propose that a conference be rescheduled to August 9th, 12th or 13th, or another date that this Court is available.

Accordingly, Defendants respectfully request an extension of the discovery deadlines to June 10, 2024 and July 25, 2024, respectively, as well as an adjournment of the currently scheduled telephone conference and deadline for a pre-trial order to dates/times decided by this Court. Plaintiff, on the other hand, respectfully requests that if the Court grants the extension, it also so-orders a deadline of April 12, 2024 by which parties must complete document production.

Application **GRANTED in part**.

The fact discovery deadline is extended to **May 25, 2024** and the expert discovery is extended to **July 9, 2024**.

The conference scheduled for June 11, 2024 is **ADJOURNED** to **July 23, 2024 at 11:30 am ET**. The parties shall join the conference by dialing (646) 453-4442 and entering the conference ID: 588 917 710, followed by the pound (#) sign. By **July 16, 2024**, the parties shall submit a joint status letter. *See* ECF No. 27. The joint pretrial order is due **August 8, 2024**.

The Clerk of Court is respectfully requested to close ECF No. 28.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 15, 2024
New York, New York

Respectfully submitted,

_/s/_____
Jacquelyn Dainow

cc: All counsel of record via ECF