**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

March 15, 2024

**Via ECF**
Hon. Dale E. Ho
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312



Re:   *Tabatabai v. DOE et al.*, 23 Civ. 5501 (DEH)

Your Honor:

We represent Plaintiff Masoume Tabatabai in this action. We write pursuant to Local Civil Rule 37.2 to request a pre-motion conference concerning Defendants' failure to produce responsive documents related to any past incidents or investigations concerning Defendant David McLaurine. The parties met and conferred on March 7, 2024 concerning this dispute and could not reach an agreement.[1]

## I.   Factual Background

Plaintiff brings claims under 42 U.S.C. § 1983 and related state and city laws on behalf of her minor child, M.S. The Complaint alleges that, on May 22, 2022, Defendant McLaurine, a teacher at P.S. 372, unlawfully tackled and restrained M.S. during school hours simply because he exited a classroom against an instruction. M.S. was in third grade at the time and is diagnosed with a movement-related developmental disability.

The Complaint alleges that Defendant McLaurine has a known history of abusive behavior towards students, particularly students with disabilities like M.S. It alleges several specific instances of past abuse, and further alleges that other parents have brought complaints against Defendant McLaurine for similar conduct. For example, the Complaint alleges that Defendant previously taped a student to a chair because the student frequently got up and walked around the classroom. Compl. ¶ 54. It also alleges instances where Defendant McLaurine severely bullied students, including one student who had an IEP related to sensory processing and impulse control. *Id.* ¶¶ 55-56.

As such, Plaintiff's initial document requests and interrogatories seek any and all documents in Defendants' possession related to past incidents or investigations into Defendant McLaurine. Ex. 1. The requests at issue are below:

---

[1] During the meet-and-confer, Defendants' counsel indicated that she would be out of the country for three and a half weeks in late March and early April. Plaintiff's counsel stated their intention to file a letter to the Court about the disputed discovery issues. In an effort to accommodate Counsel's schedule, Plaintiff offered to file the letter before Counsel left for vacation so that she had an opportunity to respond before her trip. Counsel did not accept that offer.

Alanna Kaufman*  •  Douglas E. Lieb‡  •  David A. Lebowitz  •  Alison Frick*

Alyssa Isidoridy  •  Pooja Shivaprasad  •  Kyla Magun

*Also admitted to practice in New Jersey   ‡Also admitted to practice in California and Connecticut

- **Request 8** – All documents or communications concerning any Past Incident.
- **Request 9** – All documents or communications concerning any investigation into any Past Incident.
- **Request 10** – All documents or communications concerning any finding, discipline, warning, or corrective or remedial action imposed on Defendant McLaurine or any other DOE or BOE employee in response to any Past Incident.
- **Request 11** – All agenda, notes, minutes, or audio or visual recordings from any meeting(s) concerning any Past Incident.
- **Request 12** – All documents concerning any Office of Special Investigation (OSI) investigation into Defendant McLaurine from 2010 to present.

Defendants have improperly objected to these requests and refused to produce documents based on relevance, privilege, and confidentiality, specifically citing the Family Educational Rights and Privacy Act ("FERPA") and N.Y. Ed. Law 3020-a(4)(b). Ex. A. The Court should order Defendants to produce responsive documents.

## II. Defendants must produce documents related to past incidents and investigations into Defendant McLaurine.

First, there is no question that documents regarding past incidents and investigations into Defendant McLaurine meet the broad standard of relevance designed "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *SEC v. Rajaratnam*, 622 F.3d 159, 181 (2d Cir. 2010) (quoting Fed. R. Civ. P. 26(b)(1)). Here, the requested documents are highly relevant to Plaintiff's negligent retention and supervision claim, which alleges that the Department of Education ("DOE") and Board of Education ("BOE") had specific knowledge and notice of Defendant McLaurine's history of harming students. The documents are also relevant to Plaintiff's claim that Defendant McLaurine discriminated against him based on his disability. Past incidents involving other disabled students are highly probative of this claim.

Second, there is no basis for Defendants' blanket objections that responsive documents are "privileged and confidential." Defendants do not identify any specific privilege that bars production of the requested documents. To the extent that documents or portions thereof are privileged, the basis for the privilege should be asserted on a privilege log. Defendants' broad invocation that documents are "privileged and confidential" is not a basis to withhold entire categories of relevant documents. *See, e.g., Larsen v. City of New York*, No. 04 Civ. 0665, 2005 WL 1020871, *2 (S.D.N.Y. April 28, 2005).

Next, "FERPA does not create a privilege against disclosure of student records . . . and it does not prevent the disclosure of students' educational records in connection with discovery in a case." *Marseet v. Rochester Institute of Technology*, No. 20 Civ. 7096, 2023 WL 1097969, at *2 (W.D.N.Y. Jan. 30, 2023) (internal citations and quotation marks omitted). Such records are discoverable provided that the plaintiff

demonstrates a genuine need for the information. *Stellwag v. Quinnipac Univ.*, 2010 WL 4823355, at 1 (D. Conn. Nov. 18, 2010). Plaintiff has a genuine need for the information in this case as the documents bear directly on Defendants' prior knowledge of McLaurine's abusive conduct, as well as his propensity for abusing disabled students. There is no other way to obtain this information other than through the records Plaintiff seeks. Notably, Plaintiff does not seek the names or identities of any third parties, and as such, any privacy concerns may be addressed by a confidentiality order and redactions of identifying information. *See Ragusa v. Malverne Union Free School Dist.*, 549 F.Supp.2d 288 (E.D.N.Y. 2008) (noting that "there is nothing in FERPA that would prohibit Defendants from releasing education records that had all personally identifiable information redacted" (internal quotation marks omitted)).

Finally, NY Ed. Law 3020-a(4)(b) is inapposite. The provision—which falls within the portion of the Education Law pertaining to employee discipline—simply states that, if an employee is acquitted of charges, those charges must be expunged from their record. Nothing in the provision bars the disclosure of the requested information in a litigation, or otherwise purports to supersede the Federal Rules of Evidence. To state the obvious, discovery has not established that all prior charges against Defendant McLaurine have resulted in acquittals and been expunged. But even if they were, that does not mean that underlying documents about the charges (including complaint reports, investigatory documents, notes, etc.) cannot be searched for and produced if they are otherwise discoverable. Regardless of the outcome of such investigations, the nature of the underlying complaints and documents are plainly relevant to Defendants' *notice* of Defendant McLaurine's conduct.

Given the relevance and importance of this discovery to Plaintiff's affirmative case, Plaintiff respectively requests that the Court order Defendants to produce the disputed information. We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/_____
Pooja Shivaprasad
Alanna Kaufman

CC: All counsel of record (via ECF)

Defendants shall file a letter in response, not to exceed three pages, by **March 22, 2024**.

The Clerk of Court is respectfully requested to close ECF No. 29.

SO ORDERED.

Dale E. Ho
United States District Judge
Dated: March 18, 2024
New York, New York