UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASOUME TABATABAI,<br><br>                      Plaintiff,<br><br>v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>                      Defendants. | 23 Civ. 5501 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

This is an action bringing claims under 42 U.S.C. § 1983 and related state and city laws on behalf of her minor child, M.S. *See* Compl. ¶¶ 58-69, 73, 78, 82; ECF No. 1. In substance, Plaintiff alleges Defendant McLaurine, a teacher and DOE employee, unlawfully tackled M.S. in May 2022. *Id.* at ¶ 1.

On March 15, 2024, Plaintiff filed a letter seeking, among other things, an order directing Defendants to produce documents related to any past incidents or investigations concerning Defendant David McLaurine from 2010 to the present. *See* Pl.'s Letter-Motion 2, ECF No. 29. Defendants object to Plaintiff's Document Requests Nos. 8-12 on the following grounds: (1) relevance, asserting that the requests are a "fishing expedition"); (2) overbreadth, objecting to the breadth of the timeframe of the requests (dating back to the year 2010); and (3) privilege, claiming that the Plaintiff's requests relating to "unsubstantiated" complaints against Defendant McLaurine are legally barred disclosure. *See* Defs.' Opp'n, ECF No. 33; *see also* Defs.' Objections 7-11, ECF No. 29-1.

A conference was held on April 1, 2024, regarding the parties' discovery dispute. For the reasons discussed below and discussed on the record, Plaintiff's motion is **GRANTED in part and DENIED in part**, without prejudice for renewal.

The documents Plaintiff requests are relevant. "[R]elevance for purposes of discovery . . . is an extremely broad concept." *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 176 (S.D.N.Y. Mar. 21, 2022). Documents relating to prior incidents involving Defendant McLaurine are relevant to Plaintiff's claims insofar as Defendants may have had prior notice of Defendant McLaurine's alleged misconduct. To the extent Plaintiff requests documents related to the three prior alleged instances of misconduct by Defendant McLaurine described in the Complaint, such requests are not unduly burdensome. Rule 26 limits discovery to "nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under the "extremely broad concept" of relevance, *Europe*, 592 F. Supp. 3d at 176, Plaintiff may seek discovery related to the three Past Incidents identified in the Complaint. It is therefore **ORDERED** that Defendants shall produce documents related to the three past incidents identified in the Complaint, *see* Compl. ¶¶ 54-56.

But to the extent Plaintiff seeks discovery as to any other past incidents dating back to 2010, the Court determines that, on the current record, such requests are overbroad, and the requests are denied in part. Plaintiff may seek discovery as to any other incidents involving Defendant McLaurine, if any, from the past seven years. If, at a later time, the record demonstrates that further discovery is in fact proportional to the needs to the case, Plaintiff may at that time renew the request for a broader timeframe. It is therefore **ORDERED** that

2

Defendants shall produce documents relating to any other past incidents involving Defendant McLaurine dating back seven years.

To the extent that Plaintiff seeks documents concerning both substantiated and unsubstantiated complaints, the requests are granted. Defendants have objected to Plaintiff's requests for unsubstantiated complaints on confidentiality grounds, noting that such complaints are expunged from an employee's personnel file. See Defs.' Opp'n 2; Defs.' Objections 7-11. However, the statute cited by Defendants, NY Ed. Law 3020-a(4)(b), does not say that such expunged information is not discoverable. And New York courts have held that, notwithstanding NY Ed. Law 3020-a(4)(b), evidence related to unsubstantiated charges may be admissible in administrative proceedings. See Hoffmann v. Dep't of Educ. of City of New York, 22 Misc.3d 1105(A), 875 N.Y.S.2d 820 (Table), 2004 WL 5659259 (Sup. Ct. Mar. 17, 2004) (holding that NY Ed. Law 3020-a(4)(b) may not be "construed as preventing respondents' use of information of prior charges in a subsequent, private, proceeding where such use is severely limited and the information has some non-prohibited, rational bearing upon said subsequent proceeding"), aff'd, 799 N.Y.S.2d 738 (Mem) (App. Div. 2005). It is therefore **ORDERED** that Defendants' productions as described above shall include any unsubstantiated Past Incidents from 2017 to the present. To the extent that parties have confidentiality concerns regarding this subcategory of documents, they may meet and confer in good faith to jointly propose a protective order.

SO ORDERED.

Dated: April 2, 2024
      New York, New York

DALE E. HO
United States District Judge