DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MASOUME TABATABAI, on behalf of her minor son,
M.S.,

                          Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK; DAVID
MCLAURINE; and ROSA AMATO,

                          Defendants.

------------------------------------------------------------------ x

1: 23 Civ. 5501 (DEH)

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and 20 U.S.C. §1232g (b)(2)(b), it is hereby stipulated and agreed, by and between Plaintiff, Masoume Tabatabai, on behalf of her minor son, M.S., ("Plaintiff"), and Defendants, the New York City Department of Education ("DOE"), Board of Education of the City School District of the City of New York ("BOE"), David McLaurine, and Rosa Amato ("Defendants," collectively with Plaintiff, the "Parties"), through their respective counsel, and ordered by the Court as follows:

1.      The following documents and information produced or provided by the Parties or non-parties during the course of this action, including during the course of discovery, may be designated by any Party as "Confidential Material:"

           a.      Any document(s) or information relating to any student, including but not limited to documents, information or data relating to student records, individual education plans, grades, assignments, coursework, grievances and complaints, school services, medical records, therapy and psychiatric

records;

b.      Any document(s) or information prepared by or maintained in the custody of DOE that is/are sensitive or confidential, including, but not limited to, employee personnel records, documents reflecting proprietary information, personal health information, age, race, national origin, sexual orientation, or gender;

c.      Any document(s) or information which counsel for the Parties agree should be considered Confidential Material; and

d.      Testimony about the documents and information covered by Paragraph 1(a)-(c).

2.      The documents and information defined and/or designated as Confidential Materials pursuant to paragraphs 1 shall not be deemed Confidential Materials to the extent that they are: (a) otherwise publicly available or (b) obtained or separately obtained by a Party from non-party sources. However, with respect to (b), if the documents and/or information are obtained or separately obtained by a Party from non-party sources and are entitled to a presumption of protection and/or confidentiality under any law, rule, regulation, ordinance, and/or statute, then the relevant provisions of that law, rule, regulation, ordinance, and/or statute shall apply.

3.      Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation and Protective Order ("this Protective Order" or "this Order"), including but not limited to the provisions of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99 ("FERPA").

4.      The so-ordering of this Order does not waive or nullify any objections Defendants

may make in response to Plaintiff's demands for discovery, documents or information.

5.      Any Party producing Confidential Materials described in Paragraph 1 of this Protective Order ("the Producing Party") may designate such materials as Confidential Material by marking each document with the words "Confidential Material." So-marked documents, and the information contained therein, shall not be disclosed to anyone by the party receiving the Confidential Material ("the Receiving Party"), except as provided in this Protective Order. Each Party hereto reserves the right to make an application to the Court on notice challenging a designation of confidentiality, in whole or part, of any document or information.

6.      In the event that any Party obtains documents or information from a Party or non-party that it believes is confidential, any Party may designate such information as Confidential Material pursuant to this Protective Order and it shall be treated as such in accordance with this Protective Order.

7.      Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material that is itself designated as Confidential Material pursuant to Paragraph 1(d) of this Protective Order:

    a.      shall be used solely for the purpose of, or in investigation and preparation for, proceedings, hearings, depositions, motions, and trial in this action, and not for any other purpose, including in any other action(s) or in support of any other claim(s) interposed by Plaintiff or any other person against any Defendant; and

    b.      may be disclosed only to:

        (1)      counsel representing the Parties, including in-house counsel at DOE,

employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the litigation of this action;

(2)     the individual Parties to this action, Defendants and Plaintiffs, and officers or employees of any named Party who is either required by such Party or requested by counsel to assist in the prosecution or defense of the action;

(3)     the Parties' experts and consultants, as necessary for the prosecution or defense of the action in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

(4)     any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

(5)     any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

(6)     court reporters, as necessary for the conduct of this litigation; and

(7)     the Court, pursuant to the provisions of Paragraph 10 of this

Protective Order.

8.      Any Party in possession of Confidential Material shall disclose such material, including the information contained therein, to a person identified in sub-paragraphs 7(b)(3), 7(b)(4), and/or 7(b)(5) of this Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge such information to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The Party in possession of Confidential Material must retain each signed Non-Disclosure Agreement, and provide it to the Producing Party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

9.      All Confidential Material shall be maintained by the Parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 7 and only pursuant to the procedures in Paragraph 8.

10.     In the event any party intends to file documents designated as Confidential Materials, that party shall follow the Court's procedures for requests for filing under seal.

11.     In the event that the Receiving Party disagrees with the Producing Party's designation of Confidential Materials, the Receiving Party shall notify the Producing Party of such disagreement in writing no later than thirty (30) days prior to the close of discovery. The Parties shall first try to dispose of such disputes in good faith on an informal basis.  If the dispute cannot be resolved within fourteen (14) days, the Producing Party must seek affirmative relief from the Court permitting the Producing Party to designate the matter in question as Confidential Material within fourteen (14) days of the Receiving Party's written notice of its disagreement about the designation. The Producing Party's failure to seek relief from the Court within that fourteen (14) day period shall constitute a waiver of the asserted confidentiality. The party asserting the

confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. If the Producing Party seeks relief from the Court within the time period set forth above, until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

12.     If a Party uses or elicits testimony concerning Confidential Material in a deposition, upon the request of any Party, that portion of the deposition in which Confidential Material is disclosed or discussed shall be designated and marked "Confidential Material" and be separately bound, and this Confidential Material will be treated like all other Confidential Material pursuant to this Protective Order.

13.     Inadvertent failure to designate any document as Confidential Material shall not be construed as a waiver, in whole or in part, of its status as Confidential Material, and may be corrected by the Producing Party by written notification to the Receiving Party promptly upon discovery of the failure to designate.

14.     This Protective Order shall be without prejudice to the right of any Party to oppose production of any document(s) or information on any and all grounds. This Protective Order also shall not in any way affect the applicability of the attorney/client privilege or the work product doctrine, or of any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation.

15.     All Confidential Material obtained in this litigation shall be used by the Receiving Party solely for the prosecution or defense of the claims and affirmative defenses in this litigation, and shall not be used by the Receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other

purpose. Nothing herein shall prohibit the Producing Party from using its own Confidential Information.

16.     Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with:

      a.     the disclosure obligations of DOE under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

      b.     the interpretation, application, and implementation by DOE, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions, as well as other laws and regulations, such as FERPA;

      c.     DOE's or its employees' or officials' use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential Material in this action that they legally have in their possession and that were not received through discovery in this action or through releases or authorizations signed by Plaintiffs; or

      d.     any Producing Party's use of its own Confidential Material.

17.     Within thirty days of the final conclusion of this action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential Material (including all copies of documents and/or identifiable portions of documents containing and/or referring to Confidential Material) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, they may be destroyed (as by shredding or electronically

deleting) and the destruction of all such documents (except those returned) shall be promptly

certified by the Receiving Party, who shall notify the Producing Party in writing promptly of such

destruction. Nothing herein shall prohibit counsel from retaining its own work product.

18.     The Parties reserve the right to seek modification of this Protective Order by

application to the Court for good cause shown.

19.     This Protective Order may be signed in counterparts, which taken together shall be

construed as a single document.

20.     Electronic or faxed copies of signatures of this Protective Order shall have the same

force and effect as original signatures.

Dated:          April 25, 2024
                New York, New York


**OFFICE OF THE CORPORATION**                    **KAUFMAN LIEB LEBOWITZ &**
**COUNSEL**                                      **FRICK**



By:  /s/Jacquelyn Dainow                         By: /s/ Alanna Kaufman
     Jacquelyn A. Dainow                              Alanna Kaufman


HON. SYLVIA O. HINDS-RADIX                       Kaufman Lieb Lebowitz & Frick
Corporation Counsel of the City of               *Attorney for Plaintiffs*
New York                                         18 E. 48th St., Ste. 802
*Attorney for Defendants*                        New York, New York 10017
100 Church Street, 2nd Floor                     (212) 660-2332
New York, New York 10007
(212) 356-0896

                                                 SO ORDERED.

The parties are apprised that the Court retains discretion as to
whether to afford confidential treatment in its opinions and
orders to information the parties have redacted, sealed, or         _____
designated as confidential. The Court retains the discretion to     Hon. Dale E. Ho
allow disclosure of any subject covered by this stipulation or to   United States District Judge
modify this stipulation at any time in the interest of justice.

                                                 Dated: April 30, 2024
                                                 New York, New York

# EXHIBIT A

DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

MASOUME TABATABAI, on behalf of her minor son,
M.S.,

                                                     No.  23 Civ. 5501 (DEH)

                   Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK; DAVID
MCLAURINE; and ROSA AMATO,
                                  Defendants.

----------------------------------------------------------------------- x

### NON-DISCLOSURE AGREEMENT

I, _____, the undersigned, hereby certify that I have read and understood

the Stipulation and Protective Order ("this Order") entered in this action, and I hereby agree to

abide by its terms and conditions. I understand that Confidential Material and any copies, notes,

or other records that may be made regarding Confidential Material shall not be used by me or

disclosed to others, except in conformity with this Order, and that I may be held in contempt of

court if I violate the terms of this Order.


Dated: _____

                                            _____
                                            Signature

                                            _____
                                            Name (Printed)

Sworn to before me this ____ day
of _____, 20___.


_____
NOTARY PUBLIC