**MEMO ENDORSED**



**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**JACQUELYN DAINOW**
Phone: (212) 356-0896
Fax: (212) 356-1148
Email: jadainow@law.nyc.gov

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

August 14, 2024

**VIA ECF**
Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Tabatabai v. NYC DOE et al.*, 23-cv-5501 (DEH)

Dear Judge Ho:

> Plaintiff's motion to compel a 30(b)(6) witness is **GRANTED** and motion to extend is **GRANTED in part**. *See* ECF No. 40. "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). Fact discovery for the limited purpose of taking a 30(b)(6) deposition is extended to **September 13, 2024.** The timing of the 30(b)(6) deposition may not be used as a basis for extending expert discovery, which must be complete by **October 18, 2024.**
>
> The Clerk of Court is respectfully directed to close ECF No. 40.
>
> SO ORDERED.
>
> */s/ Dale E. Ho*
> Dale E. Ho
> United States District Judge
> Dated: August 15, 2024
> New York, New York

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel, attorney for the Defendants in the above-referenced matter. Per the Court's directive, I write in response to Plaintiff's letter application, requesting a pre-motion conference where they seek to compel Defendants to produce a Federal Rules of Civil Procedure ("FRCP") 30(b)(6) witness (ECF No. 40), in the waning days of discovery. For the reasons set forth below, Plaintiff's application for a pre-motion conference should be denied, along with their request for an order compelling the production of a FRCP 30(b)(6) witness, and an extension of the fact discovery deadline for that purpose.

**Notice Is Not Reasonable**

    FRCP 30(b)(6) "requires that a party who wants to depose a person by oral questions must give 'reasonable written notice to every other party.'" *Ravikant v. Rohde*, 2022 U.S. Dist. LEXIS 74363 (S.D.N.Y. March 18, 2022), *7, *8 (citing FRCP 30(b)(1)) (a deposition noticed after 5 P.M. on a Friday for the following Friday constituted unreasonable notice for a FRCP 30(b)(6) deposition). Here, Plaintiff served a FRCP 30(b)(6) notice on August 5, 2024, eleven days before the close of fact discovery. Eleven days is not a reasonable amount of time to locate a witness who could serve as a FRCP 30(b)(6) witness, meet with them, and subsequently produce them.[1] It is

---

[1] Additionally, during those eleven days, the parties have five fact witness depositions scheduled. Plaintiff could have noticed a FRCP 30(b)(6) witness at any time throughout the course of this case, but chose to do so at the last minute, despite the fact that fact discovery has already been extended two times (ECF No. 38).

1

evident that the selection and preparation of a witness to speak about institutional policies is a more complex undertaking than prepping a fact witness, and it should not be crammed into a tight window. *See also Protegrity Corp. v. Voltage Sec., Inc.*, 2013 U.S. Dist. LEXIS 181516, *2 (D. Conn. 2013) (finding Rule 30(b)(6) deposition notice served four days before the close of fact discovery to be unreasonable).[2]

This late notice is also prejudicial in that Defendants must determine if there are any objections to Plaintiff's FRCP 30(b)(6) notice, meet and confer with Plaintiff to try to obviate judicial intervention regarding any objections, and then potentially move for a protective order. For example, the document request appended to the Notice is clearly also outside the contours of a deposition directed to institutional lack of training. Specifically, item number six seeks documents concerning allegations of prior improper behavior against Defendant McLaurine, such as bullying or physical force. This is basic fact discovery and is not within the purview of a 30(b)(6) training witness.

### **Plaintiffs' Cases In Support Are Inapposite**

The three cases Plaintiff cites to support their argument that notice here was reasonable are inapposite, as none of them involve a 30(6)(6) deposition. Specifically, *Davidson v. Dean*, 204 F.R.D. 251, 253 (S.D.N.Y. 2001) concerns a plaintiff inmate who sued defendant correction officers for an allegedly illegal strip search. In that case, the defendants served a notice of deposition on January 10, 2001 seeking to take his deposition on January 24, 2001. *Id.* at 255. The plaintiff failed to appear and claimed he had received only eight days' notice, and that was an insufficient amount of time to prepare. *Id.* at 256. While the Court held that eight days' notice is not unreasonable under the circumstances, the Court *also* held that it "d[id] not mean to suggest that eight days' notice is invariably reasonable notice; the reasonableness of notice must be determined in light of the facts and circumstances of the individual case" (emphasis added). *Id.* Specifically, the Court held that since Plaintiff is incarcerated and did not cite scheduling conflicts attendant to his incarceration, there appeared to be no reason why he could not appear. *Id.* The deposition at issue was also that of the plaintiff, not a FRCP 30(b)(6) witness. Further, unlike in the instant matter, the deponent was on notice for almost a year that he had to appear for his deposition. Here, the witness has not yet even been identified, let alone interviewed and prepped.

Similarly, both *F.A.A. v. Landy*, 705 F.2d 624 (2d Cir. 1983) and *Jones v. U.S.*, 720 F. Supp. 355 (S.D.N.Y. 1989) are equally unavailing. In *F.A.A. v. Landy,* the deposition at issue was of a witness who was located only ten days before trial, and was unavailable for trial in New York; four days' notice was given to opposing counsel to take the deposition in Florida. *Id.* at 634. The Court held that taking judicial notice of frequent flights from New York to Tampa, as well as availability of procedural remedies, the notice was reasonable under the circumstances—*i.e.*, an impending trial. *Id.*at 635. It is clear that the circumstances in *F.A.A.* are incongruous with those of the instant matter, where the parties are still in the discovery stage. Further, *Jones v. U.S.* is a medical malpractice action where a dispute arose over the introduction of a deposition in lieu of live testimony from a purportedly ailing witness. 720 F. Supp. at 634-635. This case is inapposite

---

[2] Furthermore, it is unreasonable for Plaintiff to assume that a witness would even be available at the end of the summer and two weeks before the Labor Day weekend.

to the case at bar in that it deals with the admissibility of a deposition for use at trial based on a witness' unavailability. Accordingly, Plaintiff's caselaw is off-point, and the request should be denied.

### No Good Cause To Extend Discovery

Plaintiff's alternative request that discovery be extended to allow more time to conduct a FRCP 30(b)(6) witness deposition should equally be denied. FRCP 16(b)(4) requires a showing of good cause in order to extend discovery. Here, Plaintiff has failed to show that the current fact discovery deadline could not have reasonably been met, or that they could not have noticed a FRCP 30(b)(6) witness sooner. Plaintiff claims that lasts week's deposition of the main Defendant, McLaurine, first alerted counsel to the precise use of force employed by McLaurine in restraining the Plaintiff child, and now they need to open an inquiry into how the DOE or the school trains its employees on use of force against students. Plaintiff claims that they were not aware of the need to inquire about use of force policies until the McLaurine deposition. Yet, the Complaint clearly alleges that McLaurine used unreasonable force in tackling the Plaintiff student and driving his knee into his chest, while the Plaintiff student said he could not breathe (*see* ECF No. 1, ¶¶2, 36-39). So, even before discovery commenced, Plaintiff alleged an unreasonable and unprovoked assault which, if true (and Defendants do not concede that it is), obviously implicated training issues. It was at this early stage that Plaintiff should have issued a Rule 30(b)(6) notice to find out if it is proper practice to drive one's knee into a student's chest, as Plaintiff alleges. Moreover, the negligent supervision cause of action also suggests the need to inquire about improper training, especially when the Complaint alleges prior acts of violence and bullying by McLaurine (*see id.*, ¶ 3 ("…a known history of engaging abusive behavior with students…"), ¶¶ 20-22, and ¶¶ 52-57).

### Conclusion

In view of foregoing, Defendants respectfully request that the Court deny Plaintiff's application for a pre-motion conference or deny Plaintiff's request that the Court order Defendants to produce a FRCP 30(b)(6) witness. In the event that Your Honor grants the latter, Defendants respectfully request that (1) the fact discovery deadline be extended to September 13, 2024 to allow sufficient time to locate a FRCP 30(b)(6) witness, meet with that witness, meet and confer with Plaintiff about the topics contained their FRCP 30(b)(6) notice, move for a protective order, if necessary, and hold that deposition, and (2) the expert discovery deadline be extended to October 14, 2024.

I thank the Court for its time and consideration in this matter.

Respectfully submitted,

__/s/_____