UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MASOUME TABATABAI, <br><br>                          Plaintiff, <br><br>                   v. <br><br> NEW YORK CITY DEPARTMENT OF EDUCATION, et al., <br><br>                         Defendants. | 23-CV-5501 (DEH) <br><br> **ORDER** |

DALE E. HO, United States District Judge:

On September 6, 2024, Plaintiff Maoume Tabatai ("Plaintiff") filed a motion to compel Defendants to produce documents. *See* ECF No. 50. On September 12, 2024, Defendants filed a letter in opposition. *See* ECF No. 52. For the reasons below, the Court **GRANTS** Plaintiff's motion to compel, *see* ECF No. 50.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[1] "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the court." *Fitch, Inc. v. UBS Painewebber, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003). "[R]elevance for purposes of discovery . . . is an extremely broad concept." *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 176 (S.D.N.Y. Mar. 21, 2022).

In the August 15, 2024 Order, the Court noted "if, at a later time, the record demonstrates that further discovery is in fact proportional to the needs to the case, Plaintiff may at that time

---

[1] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated.

renew the request for a broader timeframe." *See* ECF No. 46.  Documents relating to prior incidents involving Defendant McLaurine are relevant to Plaintiff's claims insofar as Defendants may have had prior notice of Defendant McLaurine's alleged misconduct.  Rule 26 limits discovery to "nonprivileged material that is relevant to any party' s claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

On the record before the Court determines the pre-2017 third complaint and the related Office of Special Investigations (OSI) file is relevant and proportional.  For the reasons substantively in the Court's August 15, 2024 Order, *see* ECF No. 46, and Plaintiff's letter, *see* ECF No. 50, the Court **GRANTS** Plaintiff's motion to compel.

The Clerk of Court is respectfully directed to close ECF No. 50.

SO ORDERED.

Dated: September 13, 2024
      New York, New York

                                       DALE E. HO
                                United States District Judge